FAX FILED
July 9, 2021

| | |
|---|---|
| SHARON LAVIGNE PERRILLOUX<br>INDIVIDUALLY AND ON BEHALF OF<br>HER MINOR CHILD, A. P. | DOCKET NO.: 2021-0001943  DIV.: D |
| VERSUS | |
| KUBOTA CORPORATION,<br>KUBOTA TRACTOR CORPORATION,<br>KUBOTA MANUFACTURING OF<br>AMERICAN COROPRATION,<br>KUBOTA INDUSTRIAL EQUIPMENT<br>CORPORATION, AND<br>HOME DEPOT | PARISH OF TANGIPAHOA<br><br>21st JUDICIAL DISTRICT COURT<br><br>STATE OF LOUISIANA |
| FILED: JUL 09 2021 | s/KALLIN LETO<br>DEPUTY CLERK |

*******************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiff, SHARON LAVIGNE PERRILLOUX, individually and on behalf of her minor child, A. P.       a person of the full age of majority and resident of and domiciled in the Parish of Tangipahoa, State of Louisiana, who respectfully represents:

1.

Made Defendants herein are:

A. KUBOTA CORPORATION, a foreign corporation domiciled at 2-47, Shikitsuhigashi 1-chome, Naniwa-ku, Osaka 556-8601 Japan Osaka, Japan;

B. KUBOTA TRACTOR CORPORATION, a foreign corporation authorized to do and doing business in the State of Louisiana with its principal place of business at 1000 Kubota Drive, Grapevine, Texas, 760501; and whose agent for service of process is C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816;

C. KUBOTA MANUFACTURING OF AMERICA CORPORATION, a foreign corporation authorized to do and doing business in the State of Louisiana with its principal place of business at Industrial Park North, 2715 Ramsey Road, Gainsville, Georgia, 30501;

D. KUBOTA INDUSTRIAL EQUIPMENT CORPORATION, a foreign corporation authorized to do and doing business in the State of Louisiana with its principal place of business at 1001 McClure Industrial Drive, Jefferson, Georgia, 30549; and

E. HOME DEPOT USA, INC., a foreign corporation authorized to do and doing busing in the State of Louisiana with its principal place of business at 2455 Paces Ferry Road, Atlanta Georgia, 30339; and whose agent for service of process is CSC of St. Tammany Parish, Inc., 4600 Highway 22, Suite 9, Mandeville, Louisiana, 70471.

2.

Defendants, KUBOTA CORPORATION, KUBOTA TRACTOR CORPORATION, KUBOTA MANUFACTURING OF AMERICA CORPORATION, KUBOTA INDUSTRIAL EQUIPMENT CORPORATION, and HOME DEPOT USA, INC., and are liable and justly and truly indebted unto Plaintiff, SHARON LAVIGNE PERRILLOUX, in

1

solido, for the entirety of the Plaintiff's damages, with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

3.

**SHARON LAVIGNE PERRILLOUX** is a domiciliary and resident of the Parish of Tangipahoa, State of Louisiana, and was married to and was the wife of **MICHAEL L. PERRILLOUX, JR.** prior to his death on August 6, 2020.

4.

On August 6, 2020, **MICHAEL L. PERRILLOUX, JR.** was a domiciliary and resident the Parish of Tangipahoa Parish, State of Louisiana; was married to **SHARON LAVIGNE PERRILLOUX**.

5.

Plaintiff, **SHARON LAVIGNE PERRILLOUX**, and **MICHAEL L. PERRILLOUX, JR.** are the natural mother and father of the minor child, **A.P.** who was born during their marriage.

6.

Plaintiff, **SHARON LAVIGNE PERRILLOUX**, individually and on behalf of her minor child, **A.P.** is the proper party to assert the wrongful death and survival action claims arising out of the death of her husband, **MICHAEL L. PERRILLOUX, JR.**, on her behalf and for her minor daughter as well as for their own claims for damages.

7.

At all times material hereto, Defendants, **KUBOTA CORPORATION, KUBOTA TRACTOR CORPORATION, KUBOTA MANUFACTURING OF AMERICA CORPORATION,** and **KUBOTA INDUSTRIAL EQUIPMENT CORPORATION** (hereinafter collectively referred to as "KUBOTA"), have actively engaged in business in the State of Louisiana and in the United States of America.

8.

At all times material hereto, Defendants, **KUBOTA**, manufactured, marketed, leased, and sold Kubota U17 excavators in the State of Louisiana and in the United States of America.

2

9.

At all times material hereto, Defendant, **HOME DEPOT USA, INC.**, marketed, rented and/or leased the Kubota U17 excavators to its customers in the State of Louisiana and in the United States of America.

10.

On August 6, 2020, **MICHAEL L. PERRILLOUX, JR.**, went to the Home Depot Store #0347 located at 400 West Minnesota Park Road, Hammond, Parish of Tangipahoa, State of Louisiana to rent a Kubota U17 excavator.

11.

Home Depot Store #0347 is owned and operated by Defendant, **HOME DEPOT USA, INC.**

12.

On August 6, 2020, **MICHAEL L. PERRILLOUX, JR.**, rented a Kubota U17 excavator from the Home Depot Store #0347.

13.

Defendant, **HOME DEPOT USA, INC.**, was in charge of the process, policies, and procedures for the rental of such a Kubota U17 excavator to **MICHAEL L. PERRILLOUX, JR.**

14.

At all times material hereto, Defendant, **HOME DEPOT USA, INC.**, had leased, rented, and/or purchased the U17 Kubota excavator from Defendants, **KUBOTA**.

15.

At all times material hereto, the Kubota U17 excavator, rented by **MICHAEL L. PERRILLOUX, JR.**, from the Home Depot Store #0347, was in the care, custody, and control of Defendants, **KUBOTA**, and Defendant, **HOME DEPOT USA, INC.**

16.

After renting the U17 Kubota excavator from Defendant, **HOME DEPOT USA, INC.**, **MICHAEL L. PERRILLOUX, JR.** was operating the U17 Kubota excavator on his property in Tangipahoa Parish.

17.

While operating the U17 Kubota excavator, in a reasonably foreseeable manner, the excavator rocked, causing **MICHAEL L. PERRILLOUX, JR.** to be thrown through the cab opening and causing his head to strike a nearby pole such that he died sometime thereafter with his body draped over the side of the cab with his head and the upper part of his body hanging down toward the ground.

18.

As she had not heard or seen her husband for some time, Plaintiff, **SHARON LAVIGNE PERRILLOUX**, went to check on him and discovered him draped over the side of the U17 Kubota excavator.

19.

Plaintiff, **SHARON LAVIGNE PERRILLOUX**, then called 911 and for emergency medical treatment; however and when the emergency medical personnel arrived, her husband, **MICHAEL L. PERRILLOUX, JR.**, had died.

20.

The Kubota U17 excavator presented an unreasonably dangerous condition and risk of harm to such persons as **MICHAEL L. PERRILLOUX, JR.**

21.

Defendants, **KUBOTA** and **HOME DEPOT USA, INC.**, leased, rented, and/or sold the Kubota U17 excavator, when they knew or should have known of the defective and unreasonably dangerous conditions, which would injury a person such as **MICHAEL L. PERRILLOUX, JR.** and other persons.

22.

The injuries and damages of Plaintiff, **SHARON LAVIGNE PERRILLOUX**, and the death, injuries, and pain and suffering of **MICHAEL L. PERRILLOUX, JR.** were proximately caused by the unreasonably damages condition of the Kubota U17 excavator. La. R.S. 9:2800.51 et seq.

23.

The injuries and damages of Plaintiff, **SHARON LAVIGNE PERRILLOUX**, and the death, injuries, and pain and suffering of **MICHAEL L. PERRILLOUX, JR.** were proximately caused by Defendants, **KUBOTA**, as the Kubota U17 excavator was unreasonably dangerous in the reasonably anticipated use the excavator by **MICHAEL L. PERRILLOUX, JR.**, and other persons. La. R.S. 9:2800.54.

24.

The Kubota U17 excavator was unreasonably dangerous in construction or composition as the excavator deviated in a material way at the time the excavator left control of Defendants, **KUBOTA**, from the specifications or performance standards of Defendants such that Defendants are liable to Plaintiff, **SHARON LAVIGNE PERRILLOUX**, for the injuries and damages. La. R.S. 9:2800.55.

25.

The Kubota U17 excavator was unreasonable dangerous in design as there existed an alternate design for the manufacture of the excavator including but not limited to cab enclosures and/or seat and/or seat belt safety devices; and, as such, Defendants, **KUBOTA**, are liable to Plaintiff, **SHARON LAVIGNE PERRILLOUX**, for the injuries and damages. La. R.S. 9:2800.56.

26.

The likelihood of harm and extent of damages outweighed the burden on Defendants, **KUBOTA**, in adopting an alternate design for the Kubota U17 excavator. La. R.S. 9:2800.56.

27.

The Kubota U17 excavator was unreasonably dangerous due to a lack of an adequate warning as Defendants, **KUBOTA**, provided inadequate warnings about the use of the excavator as the excavator possessed a characteristic that caused damages to Plaintiff, **SHARON LAVIGNE PERRILLOUX**, and injuries and death to **MICHAEL L. PERRILLOUX, JR.**, which Defendants knew or should have known of and/or had acquired knowledge thereof; and, as such, Defendants are liable to Plaintiff, **SHARON LAVIGNE PERRILLOUX**, for the injuries and damages and the wrongful death of **MICHAEL L. PERRILLOUX, JR.** La. R.S. 9:2800.57.

28.

The Kubota U17 excavator was unreasonably dangerous due to nonconformity to express warranty as the excavator was not fit and was unreasonably dangerous for its intended and normal use; and, as such, Defendants, **KUBOTA**, are liable to Plaintiff, **SHARON LAVIGNE PERRILLOUX**, for the injuries and damages and the wrongful death of **MICHAEL L. PERRILLOUX, JR.** La.R.S. 9:2800.58.

29.

The August 6, 2020, incident, was caused by the negligence and fault of **HOME DEPOT USA, INC.**, including:

   a. Renting or leasing the Kubota U17 excavator which was unreasonably dangerous, when it knew or should have known of the unreasonably dangerous conditions;

   b. Failing to properly identify the unreasonably dangerous conditions of the Kubota U17 excavator;

   c. Failing to properly remedy the unreasonably dangerous conditions of the Kubota U17 excavator;

   d. Failing to properly equip the Kubota U17 excavator before renting or leasing it to its customers;

   e. Failing to have proper policies, procedures, and protocols to inspect, identify, and equip the Kubota U17 excavator prior to purchasing and/or leasing from a manufacturer or distributor for commercial rental use by its customers;

   f. Failing to have proper policies, procedures, and protocols to inspect, identify, and equip the Kubota U17 excavator prior to renting the excavator to its customers;

g. Failing to provide adequate and proper training and instructions to its customers prior to renting the Kubota U17 excavator to its customers; and

h. Failing to provide warnings to its customers pertaining to the unreasonably dangerous condition of the Kubota U17 excavator.

30.

As a result of the August 6, 2020, incident, and the negligence and fault of Defendants, **KUBOTA** and **HOME DEPOT USA, INC.**, Plaintiff, **SHARON LAVIGNE PERRILLOUX**, individually and on behalf of her minor child, **A.P.** sustained the following damages including, but not limited to:

a. Pre-death fright, fear and mental and emotional anguish of **MICHAEL L. PERRILLOUX, JR.**;

b. Pre-death physical pain and suffering of **MICHAEL L. PERRILLOUX, JR.**; and

c. Any and all other elements of damages.

31.

As a result of the August 6, 2020, incident, and the negligence and fault of Defendants, **KUBOTA** and **HOME DEPOT USA, INC.**, Plaintiff, **SHARON LAVIGNE PERRILLOUX**, individually and on behalf of her minor child, **A.P.** sustained the following damages including, but not limited to:

a. Loss of love and affection;

b. Loss of companionship, solace, and society;

c. Loss of services;

d. Loss of consortium;

e. Loss of support;

f. Mental and emotional pain, anguish, and distress;

g. Article 2315.6 and *Lejeune* mental and emotional pain, anguish, and distress

h. Medical expenses;

i. Funeral expenses; and

j. Any and all other elements of damages.

7

32.

Plaintiff, **SHARON LAVIGNE PERRILLOUX**, individually and on behalf of her minor child, **A.P.** request trial by jury on all issues.

**WHEREFORE**, Plaintiff, **SHARON LAVIGNE PERRILLOUX**, individually and on behalf of her minor child, **A.P.** prays that Defendants, **KUBOTA CORPORATION, KUBOTA TRACTOR CORPORATION, KUBOTA MANUFACTURING OF AMERICA CORPORATION, KUBOTA INDUSTRIAL EQUIPMENT CORPORATION**, and **HOME DEPOT USA, INC.**, be served with the Petition for Damages and be duly cited to appear and answer same and that, after the expiration of all legal delays and due proceedings, Plaintiff prays that there be judgment rendered herein in favor of Plaintiff against Defendants, **KUBOTA CORPORATION, KUBOTA TRACTOR CORPORATION, KUBOTA MANUFACTURING OF AMERICA CORPORATION, KUBOTA INDUSTRIAL EQUIPMENT CORPORATION**, and **HOME DEPOT USA, INC.**, jointly and *in solido*, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, and such equitable relief to which Plaintiffs may be entitled.

**RESPECTFULLY SUBMITTED**

**DUDLEY DEBOSIER INJURY LAWYERS, PLC**

*/s/ Monica Gant Moton*

W. PAUL WILKINS (Bar No. 19830)
ADRAS PAUL LABORDE, III (Bar No. 21580)
MONICA GANT MOTON, (Bar No. 27222)
Dudley Debosier Injury Attorneys
1075 Government Street
Baton Rouge, Louisiana 70802
Telephone:   (225) 379-4937
Facsimile:   (225) 379-4987
Email: pwilkins@dudleydebosier.com
       plaborde@dudleydebosier.com
       mmoton@dudleydebosier.com

Counsel for Plaintiff, **SHARON LAVIGNE PERRILLOUX**, individually and on behalf of her minor child, **A.P.**

**PLEASE SERVE:**

THROUGH THE HAGUE CONVENTION:

KUBOTA CORPORATION VIA HAGUE CONVENTION
MINISTRY OF FOREIGN AFFAIRS
2-2-1 Kasumigaseki Chiyoda-ku,
Japan Osaka, Japan 100-8919

THROUGH THE LOUISIANA LONG ARM STATUTE:

KUBOTA MANUFACTURING OF AMERICA CORPORATION,
Industrial Park North,
2715 Ramsey Road,
Gainsville, Georgia, 30501

KUBOTA INDUSTRIAL EQUIPMENT CORPORATION,
1001 McClure Industrial Drive,
Jefferson, Georgia, 30549

THROUGH THE EAST BATON ROUGE SERVICE DEPARTMENT

**KUBOTA TRACTOR CORPORATION**
Through its registered agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

**HOME DEPOT U.S.A., INC.**
Through its registered agent for service of process:
CSC OF ST. TAMMANY PARISH, INC.
4600 Highway 22, Suite 9
Mandeville, Louisiana 70471